UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. ESPOSITO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 2:15-cv-00263-GZS |
| | ) |
| SCOTT LANDRY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

In this action, Plaintiff Michael Esposito seeks to recover damages related to Defendants' treatment of a medical condition from which he suffers. At all material times, Plaintiff was an inmate at the Maine Correctional Center in Windham, Maine.

The Court recently granted Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis*. (ECF No. 10.) The Defendants, however, have not yet been served with Plaintiff's complaint.

On July 24, 2015, Plaintiff filed a motion to stop retaliation. (ECF No. 8.) In the motion, Plaintiff asserts that officials at the Maine Correctional Facility have imposed sanctions on Plaintiff and restricted his contact with visitors. Plaintiff evidently contends that the officials have taken the action as the result of Plaintiff's commencement of this litigation.

Given that Plaintiff requests that the Court stop the alleged retaliation, and given that he cites authority that he represents provides support for a request for a preliminary injunction, the Court construes Plaintiff's motion to be a request for immediate injunctive relief.

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a

favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Márquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir.2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). In addition, for Plaintiff to be entitled to emergency injunctive relief without notice to Defendants, Plaintiff must "clearly show [through an affidavit or verified complaint] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

Plaintiff has not provided an evidentiary record to establish that injunctive relief is warranted. First, the record contains no evidence to suggest that Defendants have been notified of this action or Plaintiff's request for injunctive relief. Insofar as Plaintiff has not submitted evidence from which the Court could conclude that he would suffer "immediate and irreparable injury" if Defendants were notified before the Court considers Plaintiff's motion, Plaintiff is not entitled to injunctive relief without notice. Fed. R. Civ. P. 65(b). In addition, Plaintiff has presented no affidavits, nor any other record evidence that would establish any of the elements necessary for emergency injunctive relief.

To the extent that Plaintiff intended his motion to be a request for non-emergency injunctive relief, the result is the same. "A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). To prevail on his request for a preliminary injunction, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest.'" *Id*. at 9 (quoting *Voice of the Arab*

*World*, 645 F.3d at 32).  Simply stated, Plaintiff has failed to provide any record evidence that would satisfy his burden to establish the elements necessary for a preliminary injunction.

Based on the foregoing analysis, therefore, I recommend that the Court deny Plaintiff's Motion to Stop Retaliation.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of July, 2015.