UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL A. ESPOSITO, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:15-cv-00263-GZS |
| SCOTT LANDRY, et als. | ) ) ) | |
| Defendants | ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Scott Landry, Joseph Fitzpatrick, David Curtis, Paul Cumming and Dennis Shipman hereby move to dismiss the complaint as to them. As grounds for this motion, defendants state that the complaint fails to state a claim upon which relief can be granted as to any of these defendants. Specifically, defendants state:

1. The facts alleged in the complaint fail to state a claim that the response of defendants Curtis and Cummings to plaintiff's alleged medical needs violated plaintiff's Eighth Amendment rights.

2. Defendant Shipman cannot be held liable to the plaintiff under 42 U.S.C. §1983 for denying plaintiff's grievance.

3. The complaint fails to allege any actions of defendants Landry and Fitzpatrick that violated plaintiff's constitutional rights and fails to make out a basis for supervisory liability.

**Memorandum in Support of Motion**

**Facts**

Michael Esposito, a prisoner incarcerated at the Maine Correctional Center (MCC), brings this action against defendants Scott Landry, MCC's warden; Joseph Fitzpatrick, the Commissioner of the Department of Corrections; David Curtis, a corrections officer at MCC; Paul Cumming, a corrections sergeant at MCC; and Dennis Shipman, MCC's grievance review officer.  He also sues a number of employees of the Department of Corrections' contracted medical provider. The factual allegations against the corrections defendants may be summarized as follows:

At 5:30 p.m. on May 7, 2015, plaintiff's nose began to bleed. *Complaint*, ¶ 16. Defendant Curtis was the officer on duty at that time. *Complaint*, ¶ 17.  Plaintiff asked Curtis to review the situation and request medical help.  *Complaint*, ¶ 18.  Curtis asked if this was an emergency, and plaintiff told him that it was and that plaintiff has a "bleeding disorder." *Complaint*, ¶ 19. Curtis did nothing and returned to the task of packing up inmate property. *Complaint*, ¶ 20.  Plaintiff's nose continued to bleed for one hour.  *Complaint*, ¶ 21.  At 7:30 p.m., plaintiff's nose started bleeding again. *Complaint*, ¶ 22.  By then, a different officer was on duty, and he called the medical department to request medical attention for the plaintiff.  *Id.*

Two days later, on May 9, 2015, at approximately 4:45 p.m., plaintiff experienced another nosebleed and passed out, hitting his head on the wall. *Complaint*, ¶¶ 52-55.  Another prisoner summoned a corrections officer, *Complaint,* ¶ 56, and a few minutes later an unidentified nurse arrived and advised plaintiff to keep his head down and pinch his nose. *Complaint,* ¶ 61.  About twenty minutes later, the nurse returned with a nasal spray, which plaintiff used, but it did not stop the bleeding.  *Complaint,* ¶ 62.  At approximately 6:30 p.m.,

plaintiff again lost consciousness and fell to the floor of his cell. *Complaint,* ¶ 63.  As plaintiff came to, defendant Cumming was yelling at plaintiff to "Get up off the floor!" *Complaint*, ¶ 64. Cumming began to take pictures of the plaintiff with his cell phone. *Complaint* ¶ 65.  Plaintiff told Cumming that he needed to go to the hospital to be given a "DPAP". *Complaint*, ¶ 66. Cumming asked what that was, and plaintiff explained that it was to stop the bleeding.  At 7:00 p.m., another nurse arrived to provide medical attention to the plaintiff.

Plaintiff filed a grievance about the nose bleed episodes on May 10 and received a response on June 18 indicating that his grievance was dismissed. *Complaint,* ¶ 13, Exhibits B and C.  Defendant Shipman dismissed the grievance as an abuse of the grievance process, as he found plaintiff's assertion that plaintiff had "bled out" for three days "obviously frivolous." *Id.* Under the grievance policy, there is no appeal from the dismissal of a grievance. *Id.*

Plaintiff brings this suit under 42 U.S.C § 1983 alleging that defendants acted with deliberate indifference to plaintiff's serious medical needs, thereby violating his right under the Eighth Amendment to be free from cruel and unusual punishment. *Complaint,* ¶ 14.  He seeks a declaration that his constitutional rights have been violated, compensatory and punitive damages and an injunction ordering defendants "…to stop violating plaintiff's rights and acting deliberately indifferent to plaintiff's serious medical needs." *Complaint, ¶¶* 81-84.

**Argument**

**1. The facts alleged in the complaint fail to state a claim that the response of defendants Curtis and Cummings to plaintiff's alleged medical needs violated plaintiff's Eighth Amendment rights.**

The government has an obligation to provide medical care for prisoners it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Deliberate indifference to the serious medical needs of prisoners can constitute the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *Id.* at 104. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." The risk of harm to the prisoner must be "sufficiently serious," such that it would result in denial of the minimum of civilized necessities of life. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To prove an Eighth Amendment violation, the prisoner must show that the deprivation inflicted by the defendant was objectively, sufficiently serious. *Leavitt v. Correctional Medical Services*, 645 F. 3d 484, 497 (1st Cir. 2011). A medical need is serious when it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize the need for medical attention. *Id.* The seriousness of an inmate's medical need may be determined by reference to the effect of a delay in treatment. *Id.*

A prisoner's cursory allegation that he suffered "major" nose bleeds was insufficient to satisfy the objective "serious medical condition" element of the deliberate indifference standard. *White v. Declet*, 2013 WL 4038595, * 2 (S.D.N.Y.) Prisoner's alleged sore throat, nose bleeds and headaches did not arise to a serious medical condition. *Robinson v. Walser*, 2009 WL 6669324, *3 (E.D.N.C.) Plaintiff's allegation that he suffered nose bleeds from an old fracture

injury was not sufficient to state a claim of serious medical need. *Carrasco-Salazar v. Fearday*, 2015 WL 468771, *5 (E.D. Wisc.)

To establish a constitutional violation for the failure to provide medical care, the plaintiff must also plead facts showing that the defendant acted with a culpable state of mind, i.e., that he made the medical decision recklessly with actual knowledge of easily preventable, serious harm. *Leavitt, supra.*

In this case, plaintiff is apparently claiming that defendant Curtis violated his constitutional rights by failing to seek immediate medical assistance when informed of plaintiff's nosebleed. However, plaintiff has failed to plead facts that, if believed, would establish that his medical condition at the time of his single alleged interaction with Curtis was sufficiently serious to require immediate medical attention. Plaintiff experienced a nose bleed: this is a fairly common occurrence that has happened to most people at one time or another. It is common knowledge that nose bleeds are usually self-limiting. In this regard, the relative seriousness of the condition is also evidenced by reference to the effect of the delay in treating it; according to the complaint, this nose bleed stopped by itself within an hour. Plaintiff has not alleged that the failure to attend immediately to this initial event led to any specific harm or made it likely that he would suffer subsequent nose bleeds or that they would be more serious.

Nor has plaintiff alleged facts that make out the necessary subjective element of deliberate indifference. There is no allegation that Curtis knew or should have known of other nose bleed problems in plaintiff's medical history, and, according to the complaint, this was the first such occurrence in a series of nose bleeds over three days, so Curtis would not have had knowledge of any recent history of concern. In light of these facts, his alleged failure to seek

immediate medical attention for this non-serious condition did not amount to deliberate indifference.

The actions of defendant Cumming, as alleged in the complaint, do not make out a claim of constitutional violation. Cumming's exhortation to plaintiff to get up off the floor after plaintiff had passed out is not actionable, even if it were not simply an attempt to rouse plaintiff but an act of verbal harassment or abuse. *See*, *Knowles v. Maine*, 2009 WL 3517589 (D. Me.) (harassment and verbal abuse do not constitute cruel and unusual punishment.) Although it may be inferred from the complaint that Cumming failed to respond appropriately when plaintiff told Cumming he needed to go to the hospital for a "DPAP" procedure, plaintiff also alleges that he was attended by a medical professional within fifteen minutes of this encounter. He does not allege that he suffered any injury or worsening of his condition as a result of this brief delay in receiving medical attention. Moreover, Cumming was entitled to rely on the judgment of the prison's medical staff as to appropriate medical treatment. *Spencer v. Bender*, 2010 U.S. Dist. LEXIS 23249, *19 (D. Mass. 2010), *citing Hayes v. Snyder*, 546 F. 3d 516, 527 (7th Cir., 2008) (non-medical prison officials are entitled to defer to the professional judgment of the prison's medical providers on questions of prisoners' medical care.)

**2. Defendant Shipman cannot be held liable to the plaintiff under 42 U.S.C. §1983 for denying plaintiff's grievance.**

Only persons who cause or participate in a violation of a prisoner's constitutional rights can be held responsible. *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007). Ruling against a prisoner on an administrative complaint does not cause or contribute to a constitutional violation.

*Id.*; *Burks v. Raemisch*, 555 F. 3d 592, 594-596; (7th Cir. 2009); *Lamon v. Junious*, 2009 WL 3248173, *4-5 (E.D. Cal.); *Canada v. Ray*, 2011 WL 565611, f.n. 10 (W.D. Va.)

In this case, plaintiff's only complaint against defendant Shipman is that, in Shipman's role as grievance review officer, he dismissed plaintiff's grievance as frivolous. This fact does not constitute a violation of any right of plaintiff protected by the Constitution, and the complaint should be dismissed as to this defendant.

**3. The complaint fails to allege any actions of defendants Landry and Fitzpatrick that violated plaintiff's constitutional rights and fails to make out a basis for supervisory liability.**

The only allegations in the complaint as to Commissioner Fitzpatrick are that he is "legally obligated" and responsible for operation of correctional facilities in Maine and is in charge of Department employees and contractors. As to Warden Landry, the complaint alleges that he is "obligated and legally responsible" for the welfare of inmates at MCC, that he is responsible for employment and oversight of facility staff and is the facility's "highest appellate" over inmate institutional grievances and concerns.

The complaint alleges no facts from which one can discern that either of these defendants was deliberately indifferent to plaintiff's serious medical needs. First, it is axiomatic that a supervisory official cannot be held liable for the conduct of his subordinate where no action lies against the subordinate. *Pineda v. Toomey*, 533 F. 3d 50, 54 (1st Cir. 2008). As argued above, defendants Curtis, Shipman and Cumming did not violate plaintiff's constitutional rights, so their conduct cannot form a basis for imposing liability on Landry and Fitzpatrick. Even if the conduct of these subordinates is actionable, there is no factual basis set forth in the complaint that would

7

support a claim that Landry or Fitzpatrick should be held liable for the alleged actions of their subordinates. *See, Sanchez v. Pereira-Castillo*, 590 F. 2d 31 (1st Cir. 2009) (to survive a motion to dismiss, plaintiff must allege facts that show an "affirmative link" between the violations committed by the subordinate such as direct participation in the subordinate's conduct that amounts to condonation or tacit authorization of the subordinate's actions.)  To allege merely that defendants Landry and Fitzpatrick were in charge of the facility or the Department where plaintiff's constitutional rights were allegedly violated is, standing alone, an insufficient basis to impose liability on them.

## Conclusion

For the reasons stated above, defendants request that the complaint be dismissed as to Joseph Fitzpatrick, Scott Landry, Dennis Shipman, Paul Cumming and David Curtis.

September 15, 2015                                       \_\_/s/ James E. Fortin\_\_\_
                                                         James E. Fortin
                                                         Assistant Attorney General
                                                         James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

       The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Michael A. Esposito
Maine Correctional Center
17 Mallison Falls Road
Windham, ME 04062

September 15, 2015                            /s/ James E. Fortin
                                                          James E. Fortin
                                                          Assistant Attorney General