UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL ESPOSITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00263-GZS |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiff, an inmate at the Maine Correctional Center in Windham, Maine, contends that Defendants have violated his constitutional right to receive necessary medical care.

The matter is before the Court on the following motions: Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction (ECF No. 17); Plaintiff's Motion to Waive Post Security (ECF No. 18); and Plaintiff's Motion to Request a Waiver for Memorandum of Law (ECF No. 19). As explained below, after review of parties' submissions, I recommend that the Court deny the motions.

**A.    Motion for Temporary Restraining Order / Preliminary Injunction (ECF No. 17)**

In his request for injunctive relief, Plaintiff maintains that in response to Plaintiff's commencement of this action, Defendant Scott Landry, the warden of the Maine Correctional Center, has prevented Plaintiff from having contact with his fiancé and his minor sons. According to Plaintiff, the restriction on all contact was imposed two weeks after Plaintiff filed suit and is based on Defendant Landry's contention that Plaintiff committed a domestic violence offense against his fiancé. Plaintiff asserts that the restriction against contact was not in place previously and that he "received visit [sic] from [his] fiancé and [his] two sons" during the prior year and that

Defendant Landry approved their previous requests for visitation. (PageID # 70.) Plaintiff contends that he has "never been convicted of a domestic violence" offense and does not "have such charge on [his] record." (PageID # 71.) Plaintiff requests that the Court issue an order directing Defendant Landry to lift the no-contact order. Plaintiff argues that he will otherwise be denied contact for the five months that remain on his sentence. (PageID # 72.)

Plaintiff previously filed a Motion to Stop Retaliation (ECF No. 8), in which motion Plaintiff requested similar relief. The Court construed Plaintiff's motion to be a request for emergency injunctive relief, and denied the motion. (ECF Nos. 11, 20.) In essence, therefore, Plaintiff's motion for injunctive relief is a reiteration of the same motion that the Court recently denied. In support of the pending motion, however, Plaintiff has provided more detailed information regarding Defendants' decision to prevent contact between Plaintiff and his fiancé and children. Additionally, Defendants have provided a response to the motions. (ECF No. 21.)

In their response, Defendants assert that the prohibition on contact between Plaintiff and his fiancé was imposed in July 2015, because Tricia Flanders, a member of the clerical staff at the Maine Correctional Center, and Tessa Mosher, Director of Victim Services for the Maine Department of Corrections, first became aware in July of the history of domestic violence in the relationship between Plaintiff and his fiancé. (Flanders Aff., ECF No. 23; Mosher Aff., ECF No. 25.) Furthermore, Ms. Mosher asserts that when she determined that contact between Plaintiff and his fiancé should be prohibited, she did not know that Plaintiff had filed a civil action against Defendants.[1] (Mosher Aff. ¶ 4.)

In order to obtain preliminary injunctive relief, Plaintiff "must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary

---

[1] Ms. Mosher also states that the prohibition does not prevent contact between Plaintiff and his children, provided that the contact is mediated by an adult other than Plaintiff's fiancé. (Mosher Aff. ¶ 9.)

2

relief, (3) that the balance of equities tips in his favor, and (4) that the injunction is in the public interest." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 9 (1st Cir. 2012). The likelihood of success on the merits is the central inquiry. *Id.*

"It is well established that conduct which is not otherwise constitutionally deficient is actionable under § 1983 if done in retaliation for the exercise of constitutionally protected first amendment freedoms." *Oropallo v. Parrish*, 23 F.3d 394 (1st Cir. 1994) (citing *Ferranti v. Moran,* 618 F.2d 888, 892 n. 4 (1st Cir. 1980) ("[A]ctions otherwise supportable lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms.")). Therefore, assuming, *arguendo*, that the no-contact order is constitutional and is validly applied to Plaintiff,[2] Plaintiff could nevertheless prove a constitutional violation if he established that Defendant Landry imposed the no-contact order in retaliation for Plaintiff's commencement of this civil action.

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights,[3] and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011). *See also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

Not insignificantly, while Plaintiff's assertions would likely state a claim of retaliation, Plaintiff has not asserted a retaliation claim in this matter. That is, in his complaint, Plaintiff seeks relief in connection with the medical care that Defendants have provided. In fact, the retaliation

---

[2] In his motion, Plaintiff does not raise a constitutional challenge to the policy on which Defendant Landry bases no-contact orders. Instead, he asserts that the policy is wrongly applied to him and that its application is motivated by retaliatory animus.

[3] In the first amendment context, an adverse action must be "more than *de minimis*," which means the action must be sufficient to chill a person of ordinary firmness in the performance of future first amendment activities. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished).

about which Plaintiff complains occurred after Plaintiff commenced this action. Plaintiff has not amended his complaint to allege a retaliation claim.[4] In this way, therefore, Plaintiff has no pending claim to evaluate on the merits.

Even if the Court were to consider Plaintiff's motions as requests to supplement his complaint to assert a separate retaliation claim, Plaintiff has not demonstrated that he is entitled to the injunctive relief that he has requested. Although Plaintiff has provided records to confirm that Defendants advised him of the no-contact determination after he filed this action (ECF No. 17-6), and while the temporal relationship between the filing of this action and the no-contact notice might be sufficient to establish a prima facie case of retaliation,[5] the temporal relationship alone in this case does not establish a substantial likelihood that Plaintiff would prevail on a retaliation claim. Indeed, Defendants have provided a non-retaliatory justification both for the decision to prohibit contact and for the timing of that decision. Particularly given the record submitted by Defendants, Plaintiff's assertions are insufficient to establish a substantial likelihood of success on any retaliation claim that he might have attempted to assert. Because Plaintiff has not established a substantial likelihood of success on a retaliation claim, and given that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration," *Rogers*, 676 F.2d at 1214, Plaintiff is not entitled to a preliminary injunction even if the Court were to construe Plaintiff's filings to supplement his complaint to assert a retaliation claim.

---

[4] On July 27, 2015, Plaintiff filed an amended complaint in which Plaintiff asserted further medical-related facts. (ECF No. 9.) Insofar as Plaintiff's amended complaint is dated July 17 and the initial notification to Plaintiff regarding the no-contact determination is dated July 15 (ECF No. 8-4), it is conceivable that Plaintiff was aware of the no-contact determination at the time that he prepared the amended complaint.

[5] *Velazquez-Ortiz v. Vilsack*, 657 F.3d 64, 72 (1st Cir. 2011) ("Where the evidence shows only that the decision-maker knew of the complainant's protected conduct at the time the adverse employment action was taken, causation may be inferred from a very close temporal relationship between the protected activity and the adverse action.")

**B.     Plaintiff's Motion to Waive Post Security (ECF No. 18)**

Plaintiff requests that the Court waive any requirement that he post security in support of his request for injunctive relief. The Court may require a party seeking injunctive relief to give security "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). If the Court adopts the recommendation to deny Plaintiff's motion for injunctive relief, Plaintiff's motion would be moot.

**C.     Plaintiff's Motion to Request a Waiver for Memorandum of Law (ECF No. 19)**

Plaintiff requests leave that his motion for injunctive relief not be summarily denied for failure to file a memorandum of law. Plaintiff's request is granted.[6]

### CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for relief from filing a memorandum of law (ECF No. 19) is granted. In addition, I recommend that the Court deny Plaintiff's motion for temporary restraining order/preliminary injunction (ECF No. 17), and that the Court dismiss as moot Plaintiff's motion requesting relief from giving security (ECF No. 18).

### NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.

With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a). With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

---

[6] Because Plaintiff's motion for injunctive relief consists of five pages and a number of attachments, Plaintiff arguably had filed a memorandum.

>Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

>><u>/s/ John C. Nivison</u>
>>U.S. Magistrate Judge

Dated this 30th day of September, 2015.