UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL A. ESPOSITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00263-GZS |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this action in which Plaintiff Michael Esposito alleges that he received inadequate medical care while he was an inmate at the Maine Correctional Center, I recommended that the court grant the motion to dismiss of the correctional officer Defendants.[1] (ECF No. 38.) Although I determined that the claims against all of the correctional officer Defendants should be dismissed, in the conclusion of the recommendation, Defendant Dennis Shipman was inadvertently omitted from the list of the Defendants for whom I recommended dismissal. This Recommended Decision is to confirm that the dismissal recommendation was intended to include Defendant Shipman.

According to Plaintiff, Defendant Shipman is a captain at the Maine Correctional Center, and holds the position of Grievance Review Officer. (Complaint ¶ 12, ECF No. 1.) Plaintiff maintains that Defendant improperly dismissed Plaintiff's grievance regarding the response to Plaintiff's medical needs. (Pl. Response to Motion ¶ 13, ECF No. 30.)

As explained in the previous Recommended Decision:

> Plaintiff's assertion that Defendant Shipman denied Plaintiff's grievance cannot support a constitutional claim. *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under

---

[1] The correctional Defendants, also referred to as the State Defendants, were identified as Defendants Paul Cumming, David Curtis, Joseph Fitzpatrick, Scott Landry, and Dennis Shipman.

§ 1983."); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (holding that the denial of administrative grievances and the failure to remedy the alleged retaliatory behavior do not give rise to liability absent evidence of direct participation, encouragement, authorization, or acquiescence in the alleged violation)."

(Recommended Decision at 8, ECF No. 38.)

In accordance with the analysis set forth in the previous Recommended Decision, because Plaintiff has failed to state a claim against Defendant Shipman, I recommend that the Court dismiss Plaintiff's claims against Defendant Shipman.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2015.